IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEDRIC JAMAR DEAN, #197053, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:17-cv-755-RAH-SMD |
| ) | [WO] |
| PHYLLIS J. BILLUPS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the Court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama prisoner Dedric Jamar Dean on November 6, 2017. Doc. 1.[1] Dean claims the Circuit Court of Dale County failed to award him the proper amount of jail credit on his 2015 convictions for possession of a controlled substance and theft of property in the first degree. For the following reasons, it is the RECOMMENDATION of the undersigned magistrate judge that the Petition be DENIED without an evidentiary hearing and this case be DISMISSED with prejudice.

---

[1] References to "Doc(s)" are to the document numbers of the pleadings, motions, and other materials in the court files, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to the pagination of the document presented for filing.

## II. BACKGROUND

On March 20, 2015, Dean pled guilty in the Circuit Court of Dale County to possession of a controlled substance and theft of property in the first degree. Doc. 9-1 at 39–43. The trial court sentenced Dean to a suspended term of seven years in prison for each conviction, with three years of probation. *Id.* Dean did not appeal his convictions. Dean's probation was revoked in January 2016 because he committed new criminal offenses. Doc. 9-5. He appealed, and, on September 2, 2016, the Alabama Court of Criminal Appeals affirmed the revocation of his probation. *Id.*

In July 2016, Dean filed a state petition for writ of habeas corpus in the Circuit Court of Montgomery County claiming the Alabama Department of Corrections ("ADOC") had incorrectly calculated his release date by failing to award him the proper amount of jail credit on his 2015 convictions. Doc. 9-1 at 4–7. The State moved to dismiss Dean's habeas petition, arguing that his jail credit and release date had been correctly calculated. *Id.* at 36–38. Attached to the State's motion to dismiss was an affidavit from Mark Bruton, Assistant Director of the ADOC Central Records Division, which explained that the ADOC had correctly calculated Dean's sentence. *Id.* at 39–43. On October 11, 2016, the circuit court summarily dismissed Dean's habeas petition. *Id.* at 65.

Dean filed an appeal. Doc. 9-1 at 66–67. On December 21, 2016, the Alabama Court of Criminal Appeals issued a deficiency notice advising Dean that had failed to comply with Ala.R.App.P. 10(c)(2)'s requirement that he file a "Reporter's Transcript Order-Criminal" and that he should file a transcript order within 14 days or his appeal would be dismissed. Doc. 9-2. On January 18, 2017, the Alabama Court of Criminal

Appeals dismissed Dean's appeal because he failed to file a transcript order after notice of the deficiency. Doc. 9-3. A certificate of judgment issued the same day. Doc. 9-4. Dean did not file a petition for writ of certiorari with the Alabama Supreme Court.

On October 31, 2017, Dean filed the instant § 2254 petition. Doc. 1. He pursues the jail-credit claim he raised in the state habeas proceedings, arguing that the trial court's failure to award him the proper amount of jail credit violates Ala. Code § 15-18-5. *Id.* at 5. Respondents answer that Dean's claim is unexhausted and procedurally defaulted. Doc. 9 at 4–9.

### III. DISCUSSION

**A.     Cognizability**

Dean claims the trial court's failure to award him the proper amount of jail credit violates Ala. Code § 15-18-5. That statute provides:

> Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections.

Ala. Code § 15-18-5. This court and other federal district courts in Alabama have found challenges to the calculation of jail credit under Ala. Code § 15-18-5 to be foreclosed as non-cognizable for purposes of federal habeas review. *See, e.g.*, *Russaw v. Wheeler-White*, 2011 WL 2193376, at *4 (M.D. Ala. 2011); *Dupont v. Jones*, 2012 WL 5463834, at *2 (M.D. Ala. 2012); *West v. Alabama*, 2017 WL 3836076, at *2–3 (N.D. Ala. 2017); *see also Gray v. Burton*, 2018 WL 835744, at *5 (M.D. Ala. 2018).

Federal habeas corpus relief is available only to correct constitutional injury. 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). Such relief will not issue to correct errors of state constitutional, statutory or procedural law, unless a federal issue is also presented. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (holding errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."). Absent federal constitutional violations or allegations alleging such violations, federal habeas review of a state law claim is precluded. *See Barclay v. Florida*, 463 U.S. 939, 957–58 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted).

In accordance with these principles, Dean's jail-credit claim does not present a violation of the Federal Constitution. The alleged failure of Alabama authorities to award Dean the proper amount of jail credit, even if true, is a question involving the Alabama courts' interpretation of Alabama law and, thus, does not violate any federal constitutional right to which Dean is entitled. Because Dean's claim involves Alabama's interpretation of its own laws, it is not cognizable in a federal habeas petition. His § 2254 petition is due to be dismissed for this reason.

**B.     Procedural Default**

*1.     Failure to Exhaust*

Even if Dean's jail-credit claim is based on an alleged violation of the Federal Constitution, the claim would not entitle him to relief.  Respondents correctly contend that Dean's claim is unexhausted and procedurally defaulted.   Doc. 9 at 4–9. Before a § 2254 petitioner may obtain federal habeas corpus review, he must exhaust his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised.  *See, e.g.*, 28 U.S.C. §§ 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001).  To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—i.e., a petition for a writ of certiorari—filed in the Alabama Supreme Court.  *See e.g.*, *Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala.R.App.P. 39, 40.  The exhaustion requirement applies to state postconviction proceedings and direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules.  *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1

5

(1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

Here, the Alabama Court of Criminal Appeals dismissed Dean's state habeas appeal. Dean failed to file a petition for writ of certiorari with the Alabama Supreme Court. Because he did not submit his claim through a complete round of Alabama's established appellate review process, and Dean failed to exhaust his claim in the state courts. Dean may no longer return to the state courts to exhaust his claim. It is too late for him to file a petition for writ of certiorari with the Alabama Supreme Court. *See* Ala.R.App.P. 39(c)(2). The exhaustion and preclusion rules therefore coalesce into the procedural default of his claim. *See e.g.*,*Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

## 2.  *Adequate and Independent State-Ground Doctrine*

There is an alternative basis for finding Dean's claim to be procedurally defaulted. Federal habeas review may also be unavailable for claims that a state appellate court has rejected on state procedural grounds. *Id.* at 729. "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief."[2] *Atkins v. Singletary*, 965 F.2d

---

[2] The Supreme Court has stated:

952, 955 (11th Cir. 1992); *see also Marek v. Singletary*, 62 F.3d 1295, 1301–02 (11th Cir. 1995).

The Alabama Court of Criminal Appeals dismissed Dean's state habeas appeal because Dean failed to comply with Ala.R.App.P. 10(c)(2)'s requirement that he file a "Reporter's Transcript Order-Criminal" after he was given notice of this deficiency. Docs. 9-2, 9-3. The procedural default created by Dean's failure to comply with Ala.R.App.P. 10(c)(2) is an adequate and independent state law ground for denying relief. *Atkins*, 965 F.2d at 955. Dismissing an appeal for failure to comply with provisions of the Alabama Rules of Appellate Procedure is a rule firmly established and regularly applied by Alabama's appellate courts.[3] *See, e.g.*, *Jacobs v. Jacobs*, 583 So. 2d 1337, 1338 (Ala. 1991); *Lacy v. State*, 565 So. 2d 287, 288 (Ala. Crim. App. 1990); *Grant v. Grant*, 326 So. 2d 758, 759 (Ala. Civ. App. 1976). Consequently, Dean's claim is procedurally defaulted for this additional reason.

---

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

[3] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

### *3.     Exceptions to Procedural Default*

A habeas petitioner can overcome a procedural default either through showing "cause" for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995). Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules.  *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982).  Here, Dean appears to assert the ineffective assistance of counsel as cause excusing his procedural default, arguing that his default resulted from his counsel's failure to file a petition of writ of certiorari with the Alabama Supreme Court when counsel allegedly led him to believe he would file such a petition on his behalf. Doc. 11 at 1, 3.

Dean, however, was not represented by counsel during any part of the state habeas proceedings.  It appears that Dean is referring to the counsel who represented him in appellate proceedings related to his probation revocation.  Consequently, Dean fails to show that cause for his default of his jail credit is attributable to the deficient performance of his counsel.  Furthermore, Dean never raised and litigated in the state courts a claim that he received ineffective assistance of counsel in proceedings related to his state habeas petition.  Therefore, the claim cannot now constitute cause excusing the default of his jail-credit claim.  *See Henderson*, 353 F.3d at 896 ("[A]n ineffective assistance of counsel claim being used for cause to excuse a procedural default of another claim is not itself excepted from the doctrine of procedural default." (citing *Edwards v. Carpenter*, 529 U.S. 446,

8

451-52 (2000))). For these reasons, Dean's defaulted claim is procedurally barred from federal habeas review.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned magistrate judge that Dean's 28 U.S.C. § 2254 petition for writ of habeas corpus be DENIED without an evidentiary hearing and this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation or before **December 9, 2020**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 25th day of November, 2020.

 /s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE